November 6th, 1911.

————o————

5403—5473.

(Court of Appeal, Parish of Orleans.)

## THIRD DISTRICT BUILDING ASSOCIATION vs. VICTOR GRIMMER, ET AL.

1. Act 134 of 1906 refers to conditions existing at the time when the furnishers of materials, sub-contractors, etc., are first allowed an

opportunity to judicially test the bond previously taken by the owner *ex parte* and on his own responsibility.

2. The only view consonant with both the letter and the spirit of the Statute is that the owner is liable, unless it be found, on the trial, of the objection in the *concursus* proceeding, that the surety is financially able to respond to his obligation.

3. There is nothing in the nature of the obligation or in the terms of the Statute to require a return of *nulla bona* as to the surety as a condition precedent to the liability of the owner. He is liable as the surety would have been.

Appeal from the Civil District Court, Division "B."

Zengel, Thomas, Suthon & Loomis, plaintiff and appellant.

Ritayik, Hollingsworth, Denegre, Blair, & Chaffe; Johnson, Fleury, Nix, Tichenor, Adolph, Lautenschlager, Hennessey, Butler, Stewart, Fletchinger & Phillips, attorneys.

DUFOUR, J.—The plaintiff entered into a written building contract with defendant with bond and surety, and the contract and bond were both duly recorded.

After the third payment had been earned and paid, the builder defaulted and the plaintiff, after notifying the surety on the bond, completed the work. Various material men who had sold goods used on the building recorded their liens.

The plaintiff, under the terms of Act 134 of 1906, provoked a **concursus** and deposited in the registry of the Court the net amount it considered due to the builder, which fell about $1,724.00 short of the aggregate of recorded claims.

The trial Court found that the surety was not good and solvent and gave judgment in favor of the claimants and against the plaintiff with the reservation of plaintiff's

rights against the contractor and surety.

The appellant attacks the correctness of the judgment on the grounds:

1st. That in point of fact the surety was good and solvent both at the time he signed the bond and at the time the solvency was tested in the **concursus** proceedings.

2. That, in point of law, it is sufficient that the surety should have been solvent at the time he signed the bond and that the owner is not a warrantor of the surety's future solvency.

3rd. That the creditors of the contractor cannot proceed against the surety on the bond.

The evidence shows and the District Judge concluded that, at the time the surety signed, he was already surety on another building contract, and that, after the builder's default in the premises, he transferred his property to third persons.

After stating that the transfers are apparently simulated, though not susceptible to annulment in the present proceedings, the Judge tersely and correctly says:

"The creditors are entitled to a good surety with property standing in his name that can at once be levied upon. The owners cannot say that the surety is in reality good and place the burden on the creditors to set aside transfers to third persons purporting to be good on the face of the acts."

Act 134 of 1906, under the terms of which the bond was given in this case, is intended for the joint protection of the owner and of the furnishers of materials, workmen, etc.

It grants such furnisher, etc., a privilege on building and grounds and obligates the owner to exact of the contractor a bond with solvent surety for one half the

amount of the contract price, to stand in the place and stead of a defaulting contractor.

If, forty five days after completion of the contract, there are claims recorded, the owner may in **concursus** cite all claimants to assert their claims.

Such claimants must, within ten days after the filing of the concursus, make such objection as they may have to the sufficiency and solvency of the bond.

The text of the act is that, if after summary trial of the objection, "the surety is found to be not solvent or insufficient to cover the full amount for which he is bound, or if the owner fails to exact such bond, or if he fails to cause same to be recorded  *  *  * the owner shall be liable to the same extent as the surety would have been."

It is now apparent that the act refers to conditions existing at the time when the furnishers of materials, etc., are first allowed an opportunity to judicially test the bond which necessarily had been taken **ex parte** by the owner on his own responsibility and at his peril.

The text does not say "is found **to have been** insolvent at the time the bond was taken," but "is found to be not solvent" after summary trial of the objection in the **consursus.**

Any other view would ignore the plain text of the statute and substitute for it another of our own creation.

If we resort to analogy, we find it to be codal law that when a surety, whether voluntarily, or, as in the instant case, given by direction of law, became insolvent, his place should be supplied by another and if the security fail before the obligation is due, the creditor may require either other security or immediate payment of the debt. **R. C. C. Arts. 2055-2056-3043.**

The only view consonant with both the letter and

spirit of the law intended for the protection of all parties interested in the contract is that the owner is liable, unless it be found in the **concursus** that the surety is financially able to respond to his obligation

So far as the third objection is concerned, there is nothing either in the nature of the obligation or the express terms of the act to require that a return of **nulla bona** as to the surety be had as a condition precedent to the liability of the owner. He is liable as the surety would have been.

At the argument, counsel citing **Labarthe vs. Mazzie, 2 Ct. of Ap. 376**, suggested that the lower Court was without jurisdiction to consider the claim for less than $100.00.

In that case, our decision rested on the ground that there was no fund to be distributed in **concursus**, whereas, in this case, there is such a fund. As we understand the judgment, in connection with the pleadings, the amount deposited in the registry of the Court is to be used in partial satisfaction of the judgment.

We see no force in the objection to the constitutionality of the act mentioned in the motion for a new trial.

The allowances and rejections of claims made by the District Judge seem justified by the evidence.

Judgment affirmed.